E-FILED
Thursday, 23 February, 2006  03:44:34 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED
FEB 23 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4034 |
| ) | |
| 2004 CHEVROLET CORVETTE, ) | |
| VIN # 1G1YY32G345126491, ) | |
| ) | |
| Defendant. ) | |

# ORDER

This matter is now before the Court on the Government's Motion to Strike Answer and Motion for Default Judgment Against Shawn Beaird, Gary Richardson, and All Other Unknown Potential Claimants. For the reasons set forth below, the Motion to Strike Answer [#21] is GRANTED, and the Motion for Default Judgment [#21], which the Court construes as a Motion for Entry of Default, is also GRANTED.

## DISCUSSION

Forfeiture proceedings are governed, in part, by 21 U.S.C. § 881(b), the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Pursuant to Rule C(6)(a)(i)(A) of the Supplemental Rules:

> [A] person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right . . . within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4).

The verified claim states the claimant's interest in the property, by virtue of which the claimant demands restitution and the right to defend the action. United States v. United States Currency in the amount of $2,857.00, 754 F.2d 208, 212-13 (7th Cir. 1984). If the

procedural requirements of Rule C(6)(a)(i)(A) are not met, the claimant lacks standing to defend and contest the forfeiture. Id.; United States v Commodity Account No. 549 54930 at Saul Stone & Company, 219 F.3d 595, 598 (7th Cir. 2000) (noting that strict compliance with the rules is required to establish standing).

Here, the Complaint and Summons were served upon the following: (1) Shawn Beaird ("Beaird") on September 23, 2005; (2) Gary Richardson ("Richardson") on May 3, 2005; and (3) United Armored Services on May 3, 2005. United Armored Services timely filed both a verified claim and Answer. Although Shawn Beaird filed an Answer on October 17, 2005, he failed to file the required verified claim as required by Rule C(1)(a)(i)(A), and the time for doing so has long since expired. Richardson has made no attempt to file either a Claim or an Answer.

As Beaird failed to comply with the requirements of Rule C(1)(a)(i)(A), he lacks standing to defend the present forfeiture and his Answer is invalid. Accordingly, the Government's Motion to Strike Answer [#21] is GRANTED, and Beaird's Answer [#19] is STRICKEN. Additionally, as neither Beaird nor Richardson have properly complied with the strict procedural prerequisites to establish their standing to defend this forfeiture action, they are hereby found to be in default. The Government's Motion for Default Judgment [#21], which the Court construes as a Motion for Entry of Default, is GRANTED as to Beaird and Richardson, and the Government shall file an appropriate Motion for Default Judgment against them once the claim of United Armored Services has been resolved.

ENTERED this 23rd day of February, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge